CASE 17—ACTION FOR MANDAMUS—OCT. 5.

|109   119
|115   701

# Kentucky Board of Pharmacy v. Lordier.

*APPEAL FROM FRANKLIN CIRCUIT COURT.*

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.   AFFIRMED.

DRUGGISTS—RIGHT OF CERTIFICATE WITHOUT EXAMINATION.

Held:   Under Kentucky Statutes, sec. 2624, one who has had as much
as five years' experience in the preparation of physicians' pre-
scriptions is entitled to the certificate of registered pharmacist.
without examination, without regard to the town in which he has
had such experience, as the provision of the section as to towns
of less than 1,000 inhabitants applies to another class of ap-
plicants.

T. L. EDELEN, ATTORNEY FOR APPELLANT.

It is submitted that sec. 6 of the Pharmacy Act of 1898 was intended
to be applicable solely to the registration of pharmacists in

towns of less than one thousand inhabitants. The court knows, judicially, that Ashland is not such a town, and therefore the plaintiff failed to plead himself within the provisions of the act, and his petition ought to have been dismissed. Ky. Stats., 2623, 2635, Acts of 1898 page 164.

JAS. ANDREW SCOTT, FOR APPELLEE.

1. It is agreed that the plaintiff is embraced in the second class of persons named in sec. 6 of the pharmacy act, that is that he had theretofore had as much as five years' experience as a pharmacist; but it is urged by appellant that sec. 6 was only intended to apply to pharmacists in towns of less than 1,000 inhabitants.
2. We contend that by the plain terms of the statute, under a proper construction thereof, (said sec. 6), entitles the plaintiff to the relief asked for in this case. Sutherland on Statutory Construction, secs. 307, 308, 313; 84 Ky., 626; 95 Ky., 60.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Appellee applied to appellant on June 20, 1898, for a certificate as a registered pharmacist. He filed with his application his own affidavit and that of two other persons showing that he had had over eight years' experience in the preparation of physicians' prescriptions in Ashland, Ky.,—a city of 7,500 population. His application was refused. He then filed this suit for a mandamus compelling appellant to issue the certificate. The court below awarded him the relief sought.

It is insisted for appellant that it is only required to grant the certificate without examination to a person having five years' experience in the preparation of physicians' prescriptions where the applicant lives in a town of less than 1,000 inhabitants. The whole question turns on the proper construction of section 2624, Kentucky Statutes, which is as follows: "Every person who shall, on or before the first day of July, one thousand, eight hundred and eighty-eight, furnish the Kentucky Board of Pharmacy with satisfactory proof, supported by his affidavit,

Kentucky Board of Pharmacy v. Lordier.

that he was engaged in the business of dispensing pharmacist on his own account, in a town or place of less than one thousand inhabitants, in the Commonwealth of Kentucky, at the time of the passage of this act, in the preparation of physicians' prescriptions, and every person who heretofore has had as much as five years' experience in the preparation of physicians' prescriptions, and shall furnish the Kentucky Board of Pharmacy satisfactory proof of such fact, accompanied by his affidavit showing said fact, shall, upon the payment to the board of a fee of two dollars, be granted the certificate of a registered pharmacist, without examination: provided, that in case of a failure or neglect to register as herein provided, then such person shall, in order to be registered, comply with the requirements provided for registration as a registered pharmacist herein described." This statute clearly provides that certificates without examination shall be granted to two classes of persons: (1) Every person who shall on or before July 1, 1898, furnish the board satisfactory proof, supported by his affidavit, that he was engaged in the business of dispensing pharmacist on his own account in a town of less than 1,000 inhabitants in this State at the time of the passage of this act, in the preparation of physicians' prescriptions; (2) every person who theretofore has had as much as five years' experience in the preparation of physicians' prescriptions, and should furnish the board satisfactory proof of such fact, accompanied by his affidavit showing the facts. Only as to the first class is there any provision as to towns of less than 1,000 inhabitants. To interpolate these words into the second clause of the section would not be to construe it, but to add to its terms. Where the words of a statute are plain, this court has no power to do aught but declare the law

as it is written. The statute is so plainly expressed, and
the grammatical sense is so clear, that there is no room for
construction or the application of technical rules. Nor are
we able to see that a comparison of the present statute
with the preceding one in any, wise sustains appellant's
contention. Section 5 of the former statute (Acts 1891-
1893, p. 1346) required all persons to be registered as phar
macists who at the time of the passage of the act were
carrying on the business on their own account. Section 17
of that act exempted persons selling medicines in towns
of less than 1,000 inhabitants from its operation. There
was no provision in that act as to persons having five
years' experience in compounding medicines, but those hav.
ing three years' experience might, with the consent of the
board, be registered without examination. The new act
applies to all towns, without regard to the number of
inhabitants, and in the first clause of section 6 the same
provision was made for those engaged on their own ac-
count in the business in towns of less than 1,000 inhabi-
tants as had been made for the same class of persons in
larger towns by the original act. In the second clause
of the section, provision was made for the registration of
those having five years' experience in the preparation of
prescriptions, but without consent on the part of the
board, as had been provided in the previous act for those
having three years' experience. And by section 7 of the
new act, it is provided, as to persons having three years'
experience, that they may be registered "after satisfactory
examination." Kentucky Statutes, section 2625. The sec-
ond clause of section 6, therefore, provides for a class of
persons not mentioned in the preceding act, and is no more
applicable to towns of less than 1,000 inhabitants than to
other towns. The discretion of the board to grant cer-

tificates to persons having three years' experience without examination is taken away, and in lieu of it certificates are required to be issued to persons having five years' experience at the time of the passage of the act. The judgment of the lower court, being in accord with these views, is therefore affirmed.